
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUUSETTS

Criminal No.
99-10044-REK

UNITED STATES OF AMERICA

v.

K. GLENN SHAW, ET AL.

MEMORANDUM AND ORDER ON PRETRIAL MOTIONS

February 28, 2000

COHEN, M.J.

Pursuant to Rules 7.1(d) and (e) of the Local Rules of this Court [effective September 1, 1990], and upon review of the relevant pleadings, this court determined on February 28, 2000, that a hearing on the discovery and discovery-related motions referred to this court for determination was not warranted. Based on the pleadings filed to date, this court takes the following action on those pretrial motions, to wit:

A. <u>Defendants' Motion for Statements Pursuant to Fed. R. Crim. P. 19[sic](a)(1)(A)</u>:  Motion allowed to the extent that counsel for the defendant may inspect and/or copy at his own expense [unless otherwise specifically authorized by the court to make copies at the expense of the government under the provisions of the Criminal Justice Act] any (a) relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may




become known, to the attorney for the government; (b) the substance of any oral statement the government intends to offer in evidence at trial made by the defendant whether before or after arrest in response to interrogation by any person <u>then</u> known to the defendant to be a government agent; and (c) recorded testimony of the defendant before a grand jury which relates to the offense charged. Unrecorded statements made to government witnesses--except government agents if the defendant then knew the person to be a government agent--are not discoverable, see <u>United States</u> v. <u>Hoffman</u>, 794 F.2d 1429 (9th Cir. 1986), even if those statements were subsequently "memorialized" in writing by government agents. See <u>In Re U.S.</u>, 834 F.2d 283 (2d Cir. 1987). Likewise, statements of others attributable to a defendant under the provisions of Rule 801(d)(2)(E), F. R. Evid., are not discoverable under the provisions of Rule 16(a)(1)(A), F.R. Crim. P. <u>United States</u> v. <u>Roberts</u>, 811 F.2d 1354 (4th Cir. 1987)(en banc); <u>In Re U.S.</u>, 834 F.2d 283 (2d Cir. 1987).  To the extent that defendants - in their memorandum - contend that the government must "identify" any and all statements made by a defendant, regardless of to whom those statements were made, that is contrary to the provisions of Rule 16(a)(1)(Z), F.R. Crim. P.  Accordingly, in all other respects, the motion is denied.

 B. <u>Defendants' Motion for More Detailed Description of Crimes, Wrongs or Other Acts (# 80)</u>: Motion denied.

 C. <u>Defendants' Motion for Early Disclosure of Exculpatory Evidence under Local Rule 116.2(B)(2) and Fed.R. Evid. 404(b) Evidence (# 78)</u>: Insofar as the motion relates to Rule 404(b) materials, the government has already provided that which it knows of at the present time.  To the extent that the defendants seek disclosure of Rule

404(b) material and/or other exculpatory evidence at a time other than that provided by Local Rule 116.2, the motion is denied.

  D. <u>Defendants' Motion to Compel Disclosure of Promises, Rewards, and/or Inducements to Anticipated Government Witnesss Russell Davis, William Schoff, and Jay Buford (# 76)</u>: To the extent that this motion is not currently moot, given the recent modification of the protective orders entered in this case and in the case entitled <u>United States</u> v. <u>Snell</u>, it is allowed, and the government shall disclose those promises consistent with Local Rule 116.2.

  E. <u>Defendants' Request for Exculpatory Evidence Based on the Specific Allegations of the Superseding Indictment (# 79)</u>: In its opposition to this "Request", the government indicated that it is aware of its obligations to disclose exculpatory evidence under Rule 116.2 <u>vis</u> <u>a</u> <u>vis</u> the entire indictment, not just those which have "specific allegations".   No further action on this request is required.

  F. <u>Defendants' Reply to Government's Response Concerning the Production of Grand Jury Exhibits (# 93)</u>: Treating this "Reply" as a motion requiring the government to specifically identify those documents which the government has produced or will produce as having previously been placed before the grand jury, the motion is denied. The government is under an obligation under the Local Rules of this Court as well as under Rule 16, F.R. Crim. P., to produce certain categories of documents, regardless of whether the documents were ushered before a grand jury.  It is not, however, required to put pen to paper indicating which of the documents so produced were shown or otherwise exhibited to the grand jury.

  G. <u>Defendants' Motion for Disclosure of the Government's Expert Witnesses</u>

and a Summary of Anticipated Testimony (# 77): Motion allowed to the extent that the government shall provide expert discovery consistent with Rule 16(a)(1)(E), F.R. Crim. P., on or before April 14, 2000,[1] and the defendants shall provide expert discovery consistent with Rule 16(a)(1)(E), F.R. Crim. P., on or before April 28, 2000.

H.  Defendants' Motion for Bill of Particulars (# 81):   Under general principles set forth in this Circuit and others--

(a) In terms of procedure, the requests set forth in a motion for a bill of particulars must be sufficiently concrete to enable an appropriate order and response. As specifically noted by the United States Court of Appeals for this Circuit in United States v. Gordon, 634 F.2d 639, 641 (1st Cir. 1980)--

> The defendant's so-called "motion for bill of particulars" failed to specify in what respects the indictment needs specification. It is the essence of a motion for a bill of particulars that it specify the particulars in which the moving party asks to have the indictment clarified. Absent specification, the motion does not comply with Fed.R.Cr.P. 47 because it fails to "set forth the relief or the order sought." Moreover, unless a court is informed as to what particulars are sought, it cannot give specific directions to the government as is contemplated by Fed.R.Cr.P. 7(f) which authorizes a court to "direct the filing of a bill of particulars." Nor is there any basis upon which a court may exercise its discretion.

(b) In terms of substance--

The function of a bill of particulars is to protect against jeopardy [although, inasmuch as parol evidence is admissible in a proceeding to establish former jeopardy, there is some question as to the overriding importance and validity of the purported function; see Wright, Federal Practice and Procedure: Criminal §129, n. 41], provide the accused with sufficient detail of the charges against him where necessary to avoid prejudicial surprise at trial.

---

[1]  April 14, 2000, is the date on which dispositive motions are due.

United States v. Leach, 427 F.2d 1107, 1110 (1st Cir.), cert. denied Leach v. United States, 400 U.S. 829 (1970); see also, Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Haas, 583 F.2d 216 (5th Cir. 1978), certiorari denied, 440 U.S. 981 (1979). On the other hand, it is well settled that a defendant, by filing a motion for a bill of particulars, is not entitled to purely evidentiary matters, e.g., United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444 (5th Cir. 1968); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); Morgan v. United States, 380 F.2d 686 (9th Cir. 1967), cert. denied 390 U.S. 962 (1968), names of trial witnesses, e.g., United States v. Johnson, supra; United States v. Sanders, 462 F.2d 122 (6th Cir. 1972); United States v. Wolfson, 413 F.2d 804, 808 (2d Cir. 1969), the identity of persons present at the time of the commission of the offense; United States v. Rimanich, 422 F.2d 817 (7th Cir. 1970), or information which has already been provided--or which is otherwise discoverable--under Rule 16, F. R. Crim. P., or other discovery provisions. E.g., United States v. Schembari, 484 F.2d 931 (4th Cir. 1972); United States v. Rogers, 329 F. Supp. 327 (E.D.Wis. 1971).

Applying these principles to the present case, the motion is denied in all respects. The indictment in this case consists of, among other things, some twelve paragraphs setting forth the manner and means by which the defendants committed the offenses charged, as well as some thirty-one paragraphs of overt acts. Given the specificity of this indictment, particularly when read in context with all that has been produced to date by the government, the indictment is neither vague nor ambiguous. Defendants are entitled to no more.

    I. <u>Joint Motion Regarding Disclosure of Certain Patient Information to</u>

<u>Defendants Pursuant to Protective Order (# 99)</u>: Motion allowed, subject to the following conditions:

1. The government may provide the requested information solely to counsel for the defendants. Absent further order of this court or the district judge to whom this case is assigned, except to the extent set forth immediately below, counsel for the defendants shall not disclose that information, or the contents thereof, to any other person;

2. Counsel for the defendants may display the information to their respective clients, provided that those respective clients shall not disclose that information, or the contents thereof, to any other person.

J. <u>Defendants' Motion for Discovery Concerning Qui Tam Action (# 109)</u>: Motion denied. To the extent that defendants wish to peruse the pleadings and other documents filed in the public record in the case entitled <u>United States ex rel. Jay Buford, et al.</u> V. <u>Lifechem, Inc., et al.</u>, Civil Action No. 95-10742-NG (D. Mass.), those pleadings and/or documents are public records and may be examined at the Clerk's office. To the extent that defendants wish to peruse other documents not filed in that case, the defendants have provided no justification for requiring the government to provide that information.

**A Final Status Conference in this case is scheduled for April 25, 2000, at 2:00 p.m. Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 166.5(C)(1) through (9) before the close of**

**business no less than FIVE days prior to that Final Status Conference.**

_____
UNITED STATES MAGISTRATE JUDGE